IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No 13-cv-03196-RBJ

In Re   MICHAEL GORDON and
        REBECCA GORDON,

      Debtors.

MICHAEL GORDON and
REBECCA GORDON,

      Appellants,

v.

DAVID V. WADSWORTH, CHAPTER 7 TRUSTEE,

      Appellee.

## ORDER

Debtors Michael and Rebecca Gordon appeal from an order of the United States Bankruptcy Court denying their claim of exemption on funds withdrawn from a retirement account and from the denial of their motion to reconsider. This Court exercises jurisdiction over the appeal pursuant to 28 U.S.C. § 1334(a) and 28 U.S.C. § 158(a). For the reasons set forth below, the Court affirms both orders.

**PROCEDURAL POSTURE**

On April 16, 2013 Appellants Michael and Rebecca Gordon filed a voluntary Chapter 7 Bankruptcy Petition. After filing, the Gordons amended their Schedule C to include $2,051 held in a money market savings account as an exempt asset. Chapter 7 Trustee David V. Wadsworth objected to the claim of exemption. On October 24, 2013 Chief Judge Howard R. Tallman issued an Order granting the Trustee's objection. The Gordons filed a motion to reconsider,

1

which was also denied. On November 20, 2013 the Gordons filed a Notice of Appeal of these two orders. [ECF No. 2]. They contemporaneously filed a Notice of Election to Submit Appeal to United States District Court [ECF No. 3], a Motion to Proceed in Forma Pauperis [ECF No. 4], and a Motion for Stay Pending Appeal [ECF No. 5]. Judge Tallman denied the Motion to Proceed in Forma Pauperis [ECF No. 8] and partially granted the Motion for Stay Pending Appeal [ECF No. 9], thereby authorizing the Trustee to distribute the non-exempt funds as necessary and directing that the disputed funds be set aside and distributed upon resolution of the appeal. The present case was opened on November 20, 2013 [ECF No. 7]. The Gordons claim that the $2,051 held in their savings account is an exempt asset because the funds were disbursed from a retirement account, and funds held in or payable from retirement accounts are exempt under COLO. REV. STAT. § 13-54-102(1)(s).

## BACKGROUND

The Gordons, represented by counsel, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on April 16, 2013. [ECF No. 12-1 at 3–42]. At the time of filing, they owed $74,525.63 to the Bellco Credit Union. *Id.* at 23. Their combined monthly average income was $3,475.46. *Id.* at 26.

The Gordons listed their principal assets as a vacant, undeveloped lot in Park County, Colorado valued at $20,000; an RV valued at $20,000; and a 401(k) retirement account with $16,700 in holdings. *Id.* at 16–18. They valued their other personal property, including household effects, bank accounts, and two cars, at $12,152, for a grand total of $68,842 in assets. *Id.* at 14, 17–19. One of the listed bank accounts was the savings account worth $2,051. *Id.* at 17. It is this account that is in dispute in this appeal. The funds in this savings account are the remainder of a previous lump-sum disbursement from Mr. Gordon's retirement account. They

were held in a money market account and were not commingled with any other funds. The Gordons apparently used the funds in this account for occasional living expenses.

## LEGAL STANDARD

A "bankruptcy court's denial of an exemption is reviewed for abuse of discretion." *In re Ford*, 492 F.3d 1148, 1153 (10th Cir. 2007) (citation omitted). "A court abuses its discretion where it commits a legal error or relies on clearly erroneous factual findings, or where there is no rational basis in the evidence for its ruling." *Id.* (alteration, internal quotation marks, and citation omitted). This abuse of discretion standard "incorporates an inquiry into whether the Bankruptcy Court committed an error of law, an issue which we traditionally review *de novo.*" *In re Sw. Food Distributors, LLC*, 561 F.3d 1106, 1111 n.3 (10th Cir. 2009).

## DISCUSSION

The only issue on appeal is whether the Bankruptcy Court erred in determining that the exemption set forth in C.R.S. § 13-54-102(1)(s) does not protect funds that have been withdrawn from a retirement account. Previous Colorado Bankruptcy Court cases have found that once funds are withdrawn from an exempt retirement plan, the funds lose their status as exempt. *See e.g.*, *In re Bridges*, No. 11-28930-MER, 2013 WL 1344572, at *2–3 (Bankr. D. Colo. April 2, 2013) (citing *In re Pascuale*, No. 09-216400-HRT (Bankr. D. Colo. filed Dec. 8, 2009)). It does not appear that those rulings were appealed. The Court reviews this legal question de novo.

The statute provides:

(1) The following property is exempt from levy and sale under writ of attachment or writ of execution:

. . .

(s) Property, including funds, held in or payable from any pension or retirement plan or deferred compensation plan, *including those* in which the debtor has received benefits or payments, has the present right to receive benefits or

3

> payments, or has the right to receive benefits or payments in the future and including pensions or plans which qualify under the federal "Employee Retirement Income Security Act of 1974", as amended, as an employee pension benefit plan, as defined in 29 U.S.C. sec. 1002, any individual retirement account, as defined in 26 U.S.C. sec. 408, any Roth individual retirement account, as defined in 26 U.S.C. sec. 408A, and any plan, as defined in 26 U.S.C. sec. 401, and as these plans may be amended from time to time.

C.R.S. § 13-54-102(1)(s) (emphasis added).

When construing a state statute, the Court gives effect to the intent of the Colorado General Assembly. *Denver Post Corp. v. Ritter*, 255 P.3d 1083, 1088 (Colo. 2011). The Court construes "the entire statutory scheme to give consistent, harmonious, and sensible effect to all its parts." *Id.* at 1089. "We begin by looking to the express language of the statute, construing words and phrases according to grammar and common usage." *Jefferson Cnty. Bd. of Equalization v. Gerganoff*, 241 P.3d 932, 935 (Colo. 2010). "If, after review of the statute's language, we conclude that the statute is unambiguous and the intent appears with reasonable certainty, our analysis is complete." *Id.* A statute is ambiguous only if it is reasonably susceptible to multiple interpretations. *Id.* Here, there is no such ambiguity.

Both parties focus their arguments on the phrase "including those" as it appears in the second dependent clause of section (1)(s). The Gordons argue that the term references the "funds" in the preceding clause as a part of the property that is generally exempt under the statute. They claim that the second dependent clause is intended to extend protection of the exemption statute to any funds that represent benefits or payments that the debtor has previously received as well as those a debtor has a present or future right to receive. The trustee contends that "including those" is intended only to refer to the plans referenced in the prior clause.

I agree with the trustee and the Bankruptcy Court. The word "those" can only reasonably be read to reference the plans in the previous clause, namely, plans broadly covered by the

phrase, fully expressed "pension or retirement plan or deferred compensation plan." The phrases "including funds" and "including those" are both dependent clauses that necessarily modify the preceding clauses. By removing these dependent clauses, the intent of the legislature is quite clear:

> (1) The following property is exempt from levy and sale under writ of attachment or writ of execution:
>
> . . .
>
> (s) Property . . . held in or payable from any pension or retirement plan or deferred compensation plan . . . and including pensions or plans which qualify under the federal "Employee Retirement Income Security Act of 1974" . . . and as these plans may be amended from time to time . . . .

C.R.S. § 13-54-102(1)(s).

The consistent reference throughout the section is to "plan" and "plans." Moreover, the primary reference is to property (money) that is *held in* or *payable from* these plans. Nowhere does the statutory language suggest that funds *previously held in* or *paid from* such plans will retain an exempt status. Notably, other Colorado statutes expressly exempt garnishment and levy of funds that have been withdrawn or paid from other sources. *See, e.g.*, C.R.S. § 13-54-104 (discussed in October 24, 2013 Bankruptcy Order at 3 [ECF No. 12-1 at 62]). As aptly stated by the Bankruptcy Court below, "The Court must operate on the assumption that the Colorado legislature's omission of that language from § 13-54-102(1)(s) is neither a mistake nor an oversight but that it understands the meaning and effect of the language that it uses." October 24, 2013 Bankruptcy Order at 3 [ECF No. 12-1 at 62]. Construing the express language of C.R.S. § 13-54-102(1)(s), the Court finds that the legislature intended only to exempt from levy funds presently *held in* or *payable from* retirement plans. Where funds are withdrawn from an otherwise exempt retirement account, such funds are no longer "*held in or payable from* [the]

pension or retirement plan or deferred compensation plan . . . ." C.R.S. § 13-54-102(1)(s) (emphasis added). Once paid out, the exempt character of the funds has been lost.

The Court agrees with both parties that resolution of the withdrawn retirement funds question is important. The population of Colorado residents of retirement age continues to increase annually.[1] Pensions, retirement plans, and deferred compensation plans are of increasing importance to retirees and to state and local governments. The urgency of demographic change, however, does not change the construction of the statute. The Gordons' argument that the retirement plan exemption should apply to the proceeds of a retirement plan distribution is a policy decision that must be left to the Colorado General Assembly. As the statute presently stands, only those funds that are actually held in or payable from these plans qualify for the exemption.

## ORDER

For the foregoing reasons, the October 24, 2013 and the November 6, 2013 Orders of the Bankruptcy Court are AFFIRMED.

DATED this 30th day of May, 2014.

BY THE COURT:

*[signature: Brooke Jackson]*

_____
R. Brooke Jackson
United States District Judge

---

[1] *See* Colorado Department of Human Services, Colorado Commission on Again, *available at* http://www.colorado.gov/cs/Satellite/CDHS-VetDis/CBON/1251595441191.